GENOVA BURNS
Patrick W. McGovern, Esq. (PM1246)
Jennifer Borek, Esq. (JB1307)
494 Broad Street, 6th Floor
Newark, NJ  07102
(973) 533-0777
Attorneys for Defendant
Camin Cargo Control, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATHAN BRUMLEY, both individually and on behalf of all similarly situated persons,<br><br>       Plaintiff,<br><br>v.<br><br>CAMIN CARGO CONTROL, INC.,<br><br>       Defendant. | Civil Action No.: 08-1798 (JLL)(CCC) |

---

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## ITS MOTION FOR SUMMARY JUDGMENT

---

**GENOVA BURNS**
494 Broad Street, 6th Floor
Newark, N.J. 07102
(973) 533-0777
Attorneys for Camin Cargo Control,
Inc.

**OF COUNSEL:**
    **Patrick W. McGovern, Esq.**
**ON THE BRIEF:**
    **Jennifer Borek, Esq.**
    **Eric W. Ruden, Esq.**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................... 1

LEGAL ARGUMENT ................................................ 2

  POINT I
  DEFENDANT COMPLIED WITH ALL REQUIREMENTS OF THE FWW METHOD. . 2
    A.   Defendant Pays Inspectors a Fixed Salary. ............ 2
    B.   Defendant Has Established the Clear Mutual
    Understanding Criterion. .................................. 6
    C.   Defendant Paid Plaintiffs Overtime for all Hours
    They Worked in Excess of 40. ............................. 9

  POINT II
  DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON THE
  ISSUE OF LIQUIDATED DAMAGES. ............................. 12

  POINT III
  THE TWO-YEAR STATUTE OF LIMITATIONS APPLIES. .............. 14

CONCLUSION ................................................... 15

## TABLE OF AUTHORITIES

**Cases**

Aiken v. County of Hampton, S.C.,
    977 F. Supp. 390 (D.S.C. 1997) ........................... 3, 4

Ayers v. SGS Control Services, Inc.,
    2007 WL 646326, (S.D.N.Y. Feb. 27, 2007) ............... 12, 13

Bailey v. County of Georgetown,
    94 F.3d 152, 157 (4th Cir. 1996) ........................... 10

Brock v. Claridge Hotel and Casino,
    846 F.2d 180 (3d Cir. 1988) ................................ 13

Clements v. Serco, Inc.,
    530 F.3d 1224, 1230-31 (10th Cir. 2008) ................... 4, 5

Davis v. Food Lion,
    792 F.2d 1274, 1276 (4th Cir. 1986) ........................ 10

Green v. Planters Nut & Chocolate Co.,
    177 F.2d 187, 188 (4th Cir. 1949) .......................... 10

Lance v. Scotts Co.,
    2005 WL 1785315 ............................................. 4

Lindow v. United States,
    738 F.2d 1057, 1062 (9th Cir. 1984) ........................ 10

McLaughlin v. Richland Shoe Co.,
    486 U.S. 128 (1985) ........................................ 14

O'Donnell v. Robert Half Int'l, Inc.,
    534 F.Supp.2d 173 (D. Mass. 2008) .......................... 8

Overnight Motor Transp. Co. v. Missel,
    316 U.S. 572, 580 (1942) .................................... 2

Perez v. RadioShack Corp.,
    2005 WL 370320 (N.D. Ill. 2005) ............................ 6

Rau v. Darling's Drug Stores,
    388 F. Supp. 877 (E.D. Pa. 1977) ........................... 4

Spring v. Washington Glass Co.,
    153 F. Supp. 312, 318-19 (W.D. Pa. 1957) ................. 4, 5

Swanson v. Westfield News Advertiser,
  26 Wage & Hour Cas. (BNA) 918, 920 (D.Mass. 1983) ........... 10

U.S. v. Lopez-Medina,
  596, F.3d, 716, 735 fn. 13 (10th Cir. 10) .................. 12

U.S. v. Sauseda,
  596 F.3d 279, 282 (5th Cir. 2010) .......................... 12

## Regulations

29 C.F.R. 778.118 .......................................... 4

29 C.F.R. 778.114 ........................................ 3, 14

## Other Authorities

73 *Federal Register* 145, at 43670 (July 28, 2008) ........ 13, 14

Department of Labor Opinion Letter,
  1995 WL 1032470 (March 2, 1995) ............................ 3

Department of Labor Opinion Letter,
  1999 WL 1002399 (May 10, 1999) ............................. 3

Department of Labor Opinion Letter,
  2002 WL 32255314 (Oct. 31, 2002) .......................... 3

**PRELIMINARY STATEMENT**

Defendant Camin Cargo Control, Inc. respectfully refers the Court to its record as an employer that pays its employees generously and treats them fairly. The fluctuating workweek method ("FWW Method") guarantees the Defendant's inspectors a fixed salary each workweek. Their fixed salary is paid like clockwork at the end of each pay period, regardless of the number of hours worked. Defendant makes overtime opportunities on days off available first to the inspectors who request it. (See Holloway, Broussard, Santiago, Smith, Bourgeois, Ndita, Zuniga, Uribe and Weed Certs. filed March 22, 2010). When its inspectors go the extra mile and work on a scheduled day off or Company holiday, the Company recognizes them financially.

From mid-2005 to 2008 the average workweek worked by a Plaintiff-inspector was just under 40 hours. During the same period the Plaintiff-inspectors *worked on average 40 or fewer hours* in **49.76 per cent** of the workweeks. (Finkelstein Cert. submitted herewith). Each week they received a fixed salary.

Camin Cargo Control is **_not_** accused of paying its inspectors sub-minimum wages or mis-labeling them as exempt employees. Ironically, Plaintiffs accuse the Company of paying them **_too much_** and on these grounds seek to turn the Company's generosity into a monetary windfall for themselves in this Action.

1

Defendant will devote the balance of this brief to the few Plaintiffs' contentions that require a final word.

### LEGAL ARGUMENT

### POINT I

### DEFENDANT COMPLIED WITH ALL REQUIREMENTS OF THE FWW METHOD.

#### A.  Defendant Pays Inspectors a Fixed Salary.

Unquestionably Defendant's inspectors received the same fixed salary every week, regardless of how many hours they worked. Their salary was "fixed" and did not vary.[1]

Plaintiffs argue that Defendant "varied Plaintiffs' straight-time pay with various incentive payments.[2]" (Plaintiffs' Opposition Brief, p.6). In truth, Defendant's inspectors receive their fixed salary, and on occasion are paid compensation *in addition to* fixed salary, as compensation for going above and beyond, such as working on a holiday or a day off. Plaintiffs articulate no reason why the DOL would want to discourage such premiums. In fact, the DOL has expressly approved the payment of a bonus or premium in addition to fixed salary, advising that:

---

[1] In addition, inspectors received half time for hours worked over 40. Despite Plaintiffs' claims that this equates to a "meager" overtime rate, the rate is essentially the same time and a half rate received by other salaried exempt employees under the FLSA, simply calculated another way, and supported by law. See, Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580 (1942).
[2] Defendant denied this very allegation in its Response to Plaintiffs' Statement of Material Facts Nos. 22 and 23.

> ***[A]dditional compensation besides the salary paid to an employee is not inconsistent with the salary basis of payment.*** Thus, where an employee is guaranteed a fixed salary free and clear within the meaning of section 541.118, an employer may pay a **"bonus"** in addition to the employee's salary without affecting the employee's salary basis of payment (emphasis added).

Department of Labor Opinion Letter, 1995 WL 1032470 (March 2, 1995). See also, Department of Labor Opinion Letter, 1999 WL 1002399 (May 10, 1999)(citing 29 C.F.R. 778.114); Department of Labor Opinion Letter, 2002 WL 32255314 (Oct. 31, 2002). Against this regulatory background, Plaintiffs' argument that Plaintiffs are better off without incentive payments flies in the face of DOL authority, and is simply nonsensical.

　　　1.　Plaintiffs misinterpret governing case law.

In attempting to distinguish the legal authority Defendant cites in support of paying additional compensation to employees paid pursuant to the FWW Method, Plaintiffs can do no more than misrepresent the holdings and facts of these cases. First, Plaintiffs argue that Aiken v. County of Hampton, S.C., 977 F. Supp. 390 (D.S.C. 1997), addressed the payment of holiday pay for not working on a holiday. However, the Aiken court, when describing the holiday pay, clearly stated that:

> Plaintiff Israel Aiken received his salary for the workweeks from November 13, 1995 to November 26, 1995. He received straight time pay for working 80 hours during those weeks. ***Because he also worked on two holidays, he received 16 hours holiday pay.*** (emphasis added).

3

Aiken, at 399.  Plaintiffs misread this case.

Plaintiffs similarly attempt to distinguish Lance v. Scotts Co., 2005 WL 1785315, by arguing that Lance was a commissions case and dealt with a different regulation. Although the Lance court cited to 29 C.F.R. §778.118 in approving the payment of commissions without losing the FWW, Plaintiffs miss the underlying holding of Lance -- i.e., a payment over and above the fixed salary is not inconsistent with the FWW's "fixed salary" requirement. Lance v. Scotts Co., at *7.

Importantly, there is nothing about the payment of commissions or the commissions regulation that distinguishes payments of commissions from the payment of bonuses, and the DOL does not distinguish between them. It is a distinction without a difference. If Plaintiffs assert that paying remuneration above and beyond fixed salary invalidates the FWW Method, that surely includes paying commissions as well. However, significant legal authority permits paying bonuses, premiums, or commissions over and above the fixed salary without invalidating the FWW Method.

Rather than trying to distinguish the facts of Clements v. Serco, Spring v. Washington Glass Co., or Rau v. Darling's Drug Store, Inc., Plaintiffs instead argue that these cases are misclassification cases that apply the FWW Method to calculate damages. (Plaintiffs' opposition brief, p. 9). Plaintiffs nowhere address the fact that the Courts used the FWW Method to

4

calculate overtime, even though the employees received bonuses in addition to fixed salary. By doing so, the Courts implicitly sanctioned paying such bonuses under the FWW. <u>Clements v. Serco, Inc.</u>, 530 F.3d 1224, 1230-31 (10th Cir. 2008); <u>Spring v. Washington Glass Co.</u>, 153 F. Supp. 312, 318-19 (W.D. Pa. 1957).

Plaintiffs' attempts to distinguish the analogous case law notwithstanding, the weight of legal authority, including DOL opinion letters, permits the payment of premiums and bonuses over and beyond the fixed salary under the FWW Method.

    2.    The few deductions taken from Plaintiffs' <u>paychecks were lawful.</u>

Plaintiffs allege that Defendant docked Plaintiffs' pay "when they were sick or absent for a personal reason but did not have accrued personal time off." (Plaintiffs' Opposition Brief, p. 10). As demonstrated at length in Defendant's prior submissions, Plaintiffs' bare assertions lack any support in the record. Rather than re-stating its entire argument in this regard, Defendant notes only that, contrary to Plaintiffs' claims, Defendant demonstrated that the deductions taken were completely lawful and proper, since they were either for disciplinary reasons or other reasons permitted under the FWW.

Notably, some of the alleged "deductions" to which Plaintiffs cite involved *no reduction from fixed salary at all*. Other deductions were taken from final checks that consisted of payouts of accrued vacation pay and expense reimbursements.

Indeed, for all but one or two of the 28 to 32 alleged deductions from fixed salary that Plaintiffs point to, Defendant articulated reasons permitted by the DOL for the deductions.

Moreover, the isolated instances relied upon by Plaintiffs are nothing more than scattershot data, devoid of statistical analysis and context. Plaintiffs ignore the thousands of weeks of payroll data at issue in this Action. Courts have refused to disallow use of the FWW Method based on such incomplete statistics as those offered by Plaintiffs. See Cash v. Conn Appliances, Inc., 2 F.Supp.2d 884, 906 (E.D. Tex. 1997); Perez v. RadioShack Corp., 2005 WL 370320 (N.D. Ill. 2005).

Clearly Plaintiffs fail to raise any material issue of fact that rebuts Defendant's evidence that it paid its inspectors a fixed salary and was entitled to use the FWW Method.

### B. Defendant Has Established the Clear Mutual Understanding Criterion.

The Court should also find that Plaintiffs had a clear mutual understanding with Defendant that their fixed salary was compensation for all hours worked, whatever the number. Plaintiffs argue that a clear mutual understanding was lacking because Plaintiffs' pay was allegedly subject to deductions. However, as detailed in Defendant's opposition brief and the supporting Certifications of Claudio Camin dated March 22, 2010 and of Rodney Broussard submitted herewith, the rare instances

of docked pay that occurred were lawful pay adjustments that the DOL expressly permits.[3]

Plaintiffs rely heavily on Defendant's Employee Manual, which was issued company-wide, not just to inspectors. The Manual contains no provisions that apply specifically to inspectors. (Carlos Camin Cert., ¶¶5-7, dated March 1, 2010). In fact, the **Inspector Pay Policy,** which applies only to inspectors, refers nowhere to salary reductions (Carlos Camin Cert., Ex. A, dated March 1, 2010) and Plaintiffs concede in their answers to Interrogatories that there was no mention of pay reductions when they were hired.(Plaintiffs' Responses to Defendant's Interrogatories, annexed to Ruden Cert. dated March 1, 2010, as Exs. M-T; Plaintiffs' Responses to Defendant's Amended Interrogatory #6(a), annexed as Ex. 10 to Sweeney Cert., filed with Plaintiffs' Motion for Summary Judgment). Moreover, Plaintiffs concede that they either never read the Employee Manual or read only irrelevant portions of it. (Brumley Dep. at 166:7, "not the entire document"; Tucker Dep. at 113:16 to 114:7, "I read the vacation part;" Johnson Dep. at 46:22-23;

---

[3] Several pay reductions alleged by Plaintiffs occurred at the end of Plaintiffs' employment. Yet Plaintiffs cite no case law to support their position that Defendant should lose eligibility for the FWW Method retroactively to the beginning of the inspector's employment on account of a FWW violation that occurs at or near the end of his employment. If the Court finds a violation, Defendant submits that the Court should consider loss of the FWW Method prospectively only and individually only.

Pancake Dep. at 38:12-22; all annexed to Ruden Cert. dated March 22, 2010, Exs. D to G).

Importantly, a handbook policy without more does not prove that impermissible deductions are taken. See, O'Donnell v. Robert Half Int'l, Inc., 534 F.Supp.2d 173, 181 (D. Mass. 2008)(three handbook citations to deduction policies did not "amount to an employment policy that creates a significant likelihood of impermissible deductions"). See also Ahern v. County of Nassau, 118 F.3d 118, 121-22 (2d Cir.1997).

It is undisputed that Defendant distributes to all of its inspectors its Inspector Payment Policy, which establishes that **Plaintiffs are paid a fixed salary no matter how many hours they worked.** (SOMF, ¶36-38, 56). Moreover, upon hiring, Defendant advises its inspectors that they will work fluctuating hours and Defendant will pay them a fixed salary, in accordance with the FWW Method. (SOMF, ¶ 56-59). Under these circumstances, Defendant clearly complied with the clear and mutual understanding requirement of the FWW Method.[4]

---

[4] Plaintiffs assert that the inspector affidavits acknowledging their understanding that they were being paid under the FWW Method should be stricken. This argument will be addressed at length in Defendant's opposition to Plaintiffs' motion in this regard. Suffice it to say here that the contents of the affidavits are in line with Plaintiffs' deposition testimony, and Plaintiffs' interrogatory answers, conceding that they were told they were being paid under the FWW (even though the plaintiffs call it "Chinese overtime." Thus, even without these affidavits, Defendants have established a clear mutual understanding. See Brumley Dep. Tr. 84-85, 98-99; Tucker Dep.

### C. Defendant Paid Plaintiffs Overtime for all Hours They Worked in Excess of 40.

Plaintiffs argue that Defendant did not pay for all overtime hours worked because Defendant "restricted the time" that Plaintiffs could record as work time. The only "evidence" Plaintiffs offer for these baseless allegations is their claim that the IDRs had no space set aside to record time worked away from the job site. Plaintiffs fail to identify, however, any language on the IDR form or in the instructions that instructs any inspector to perform any duties when not at the job site, or instructs them not to report time worked away from the job site. (PX 46, annexed to Plaintiffs' Attorney's Declaration). Rather, the evidence shows that Plaintiffs were instructed to perform their work only at the job site. (Broussard Dep., 41:22 to 42:13; Claudio Camin Dep., 97:13 to 18, annexed to Borek Cert.[5], as Exs. B & C; Inspection Manual, Exhibit W at page 5, annexed to Claudio Camin Cert. dated March 22, 2010; Tucker Dep. at 110:20 to 111:2, Brumley Dep. at 171:15-24, Pancake Dep. at 45:7-17, annexed to Borek Cert., as Exs. E, D, G).

To be liable for overtime wages under the FLSA, an employer must have "knowledge, either actual or constructive, of [that]

---

Tr. 59; Johnson Dep. Tr. 33-34; Pancake Dep. Tr. 47, 50, annexed to Borek Cert., as Exs. E-G; Plaintiffs' Responses to Interrogatories, annexed to Ruden Cert. dated March 1, 2010, as Exs. M-T.

[5] Borek Cert. refers to the Certification of Jennifer Borek, Esq., dated March 29, 2010 and submitted herewith.

overtime work." <u>Bailey v. County of Georgetown</u>, 94 F.3d 152, 157 (4th Cir. 1996)(citing <u>Davis v. Food Lion</u>, 792 F.2d 1274, 1276 (4th Cir. 1986)). <u>See also</u> <u>Swanson v. Westfield News Advertiser</u>, 26 Wage & Hour Case. (BNA) 918, 920 (D.Mass. 1983). As set forth fully in Defendant's opposition brief, Plaintiffs fail to prove that Defendant knew, either actually or constructively, that its inspectors worked unrecorded overtime hours.

To the extent the Court could impute knowledge to Defendant of any alleged measurable work that inspectors performed at home, such work was *de minimis* in quantity and, therefore, not compensable under the FLSA.

Plaintiffs allege that they were required to call-in to work for assignments. There is no evidence, however, that these calls took longer than a minute to conduct. (Claudio Camin Dep., 94:10 to 13; Carlos Camin Dep., 160:19 to 25, annexed to Borek Cert., Exs. B and A; Pancake Dep. at 98:1-8, 100:15 to 101:21, attached as Ex. G to Borek Cert.). "Most courts have found daily periods of approximately 10 minutes *de minimis* even though otherwise compensable." <u>Lindow v. United States</u>, 738 F.2d 1057, 1062 (9th Cir. 1984). <u>See</u>, <u>e.g.</u>, <u>Green v. Planters Nut & Chocolate Co.</u>, 177 F.2d 187, 188 (4th Cir. 1949)("obvious" that 10 minutes is *de minimis*").

Plaintiffs admit that they (a) rounded time they worked, always upwards, to the nearest hour or half hour, (b) charged

the Company for travel time, and (c) double billed some hours. (Claudio Camin Cert. dated March 29, 2010 and Ex. A-C thereto submitted herewith; Brumley Dep. 151:2 to 164:19, 192:20-25; Tucker Dep. 90:9 to 92:19 (hours rounded; IDR entries not accurate); Johnson Dep. 66:2 to 72:25 (rounded "up to nearest hour"); Pancake Dep. 56:17 to 69:2, 90:14 to 91:5 ("rounded it up," all IDRs "estimates"), all annexed to Borek Cert.).

By systematically inflating the time on their IDRs, Plaintiffs are now unable to prove that their IDRs fail to record alleged time they worked at home. (Pancake Dep. 102:2 to 106:21 (admits sworn statement that he did not record telephone calls with dispatcher on IDRs is inaccurate), annexed to Borek Cert.). In fact, the named Plaintiff admits that he recorded time on his IDRs beginning at the moment he received a call at home and continued to record time until he arrived home at the end of the assignment. He also admits that his IDRs record prep time he performed at home. (Brumley Dep. 121:17 to 125:4; see also Pancake Dep. 56:17 to 58:12 ("they did pay me [travel time] … Because I charged it"), annexed to Borek Cert.)

Because Plaintiffs cannot prove that (a) they spent more than a minute on an occasional phone call, or (b) Defendant knew that they spent time working at home that they did not report, or (c) their inflated IDRs do not already include the time they

claim they worked at home, Plaintiffs raise no material facts that preclude the grant of summary judgment to Defendant.

## POINT II

### DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF LIQUIDATED DAMAGES.

Defendant reiterates that its inspector pay practices are lawful and supported by the weight of legal authority. However, even if this Court finds that Defendant violated the FWW Method, the Court should not impose liquidated damages because Defendant acted in good faith and in an objectively reasonable manner.

Plaintiffs maintain that liquidated damages are available owing to Defendant's "not paying Plaintiffs for all hours they worked." Plaintiff explains that these allegations are factually meritless and legally unsupportable in Point I(C) above, and in Defendant's opposition brief. Plaintiffs' argument that Defendant cannot show that it acted in good faith because it most likely knew the decision in Ayers v. SGS Control Services[6] is speculative per se and equally without merit.[7] Plaintiffs cannot identify **when** this decision entered the public domain. There was neither a press release accompanying the Ayers decision, nor a DOL policy pronouncement committing to enforce

---

[6] Courts consistently hold that unpublished decisions are not binding precedent. See U.S. v. Lopez-Medina, 596, F.3d, 716, 735 fn. 13 (10th Cir. 10); U.S. v. Sauseda, 596 F.3d 279, 282 (5th Cir. 2010).

[7] Plaintiffs baldly allege, but do not prove, that "the industry kept apprised of the case."

this decision.[8] Still the Ayers decision on the FWW Method has not been followed by any court within the Second Circuit. Until January 2010 no court within the Third Circuit followed Ayers.

The argument that Defendant should have changed its pay practices immediately after Ayers improperly elevates the status of the Ayers decision and is contrary to the holding in Brock v. Claridge Hotel and Casino, 846 F.2d 180 (3d Cir. 1988), that "willfulness requires a showing of intent or reckless disregard" of the FLSA, not simply knowledge that the FLSA "was in the picture." Brock, at 188. The Brock Court found that the employer acted in good faith even though it continued its pay practice after notice by the DOL that its pay practice violated the FLSA. Brock, at 783. Likewise here, Defendant's lack of awareness of the unpublished Ayers case, or even its failure to follow its holding, does not demonstrate that Defendant failed to act in good faith, especially given the equally compelling legal authority that is contrary to the Ayers decision.

The unsettled state of the law and the DOL's rejection of the Ayers decision are evidenced by the DOL's proposed 2008 clarification that the FWW Method is not lost by paying amounts in addition to fixed salary. 73 *Federal Register* 145, at 43670 (July 28, 2008). The DOL sought to address the confusing FWW Regulation:

---

[8]   A search of the U.S. Department of Labor's website-- http://www.dol.gov-- yields no reference to the Ayers decision.

> The proposed rule would also **_clarify_** the Department's regulations at 29 C.F.R. 778.114... **_The payment of additional bonus supplements and premium payments to employees compensated under the fluctuating workweek method has presented challenges to both employers and the courts in applying the current regulations._**

73 Federal Register 145, p. 43662 (emphasis added).

As such, Defendant has met its burden of demonstrating good faith efforts to understand and comply with the law.[9]

### POINT III

### THE TWO-YEAR STATUTE OF LIMITATIONS APPLIES.

Here there is no showing that Defendant "knew or showed reckless disregard" for whether its conduct was prohibited by the FLSA. Plaintiffs bear the burden of proof on this issue. McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1985).

Since 2001 and until this Action began in 2008, Defendant received no complaints from the DOL or any employee that its method of paying FWW overtime violated the FLSA. (SOMF, ¶ 71). As evidenced by the recently obtained DOL documents, the DOL approved Defendant's 2000 Inspector Pay Policy, which expressly spelled out that Defendant paid day off pay but did not include these premiums in the regular rate for purposes of paying overtime. (David Cert., ¶¶3-5 & Exhibits B thereto; McGovern Cert., ¶¶12-13 & Ex. F at page 2 and Ex. G pp. 2-3).

---

[9] Contrary to Plaintiffs' assertions, the DOL investigators did review Defendant's Inspector Pay Policy, which included extra bonus payments for day off pay, as demonstrated by the DOL documents received from the DOL which include the Policy.

Plaintiffs realize their burden in convincing this Court to find against Defendant despite the DOL's 2001 *imprimatur* of Defendant's policy is a heavy one. So Plaintiffs speculate, with absolutely no factual support, that the DOL did not use the FWW in calculating damages in its 2001 investigation of the Company's Massachusetts branch, but instead used a half-time calculation to compute damages because Defendant cooperated with the DOL investigation. Plaintiffs offer rhetoric and no facts. The DOL's 2001 damages calculations were clearly based on the FWW Method, not on an alleged *sub rosa* policy of reducing damages in exchange for cooperation. (See McGovern Cert., dated March 22, 2010, Ex. H).

Defendant is entitled to the standard two-year statute of limitations. Plaintiffs' claims should be limited to the two-year period immediately prior to the date they filed their Consents with the Court.

**CONCLUSION**

Defendant Camin Cargo Control, Inc. respectfully requests that the Court deny Plaintiffs' Motion for Summary Judgment, and grant Defendant's Motion for Summary Judgment, dismissing Plaintiffs' Complaint in its entirety.

Respectfully submitted,
**GENOVA BURNS**
Attorneys for Defendant
Camin Cargo Control, Inc.
By:

PATRICK W. McGOVERN

Dated:  March 29, 2010