**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

September 2, 2010

**LETTER ORDER**

Patrick J. Monaghan, Jr., Esq.
Monaghan, Monaghan, Lamb & Marchisio
28 W. Grand Avenue, 2nd Floor
Montvale, NJ 07645

Michael J.D. Sweeney, Esq.
Getman & Sweeney, PLLC
9 Paradies Lane
New Paltz, NY 12561

Angelo J. Genova, Esq.
Genova, Burns & Vernoia, Esqs.
494 Broad Street
Newark, NJ 07102

    Re:    **Brumley v. Camin Cargo Control, Inc.**
            **Civil Action No. 08-1798 (JLL)**

Dear Counsel:

    This matter comes before the Court by way of Plaintiffs' application for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 [Docket Entry No. 174]. The Court has considered the moving papers and decides this matter without oral argument. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiffs' application is denied in its entirety.

    The crux of Plaintiffs' application is straightforward. Plaintiffs claim that Camin Cargo fired Alex Dajao, one of the lead Plaintiffs in this action, three days after he testified at his deposition. Plaintiffs allege that such actions constitute a "campaign" by Defendant "to create fear of economic retaliation among inspectors." In this regard, Plaintiffs argue that "[b]y firing and threatening the class, Camin Cargo has sent a clear message: if you bring claims for back wages, you will suffer

1

economically." (Pl. Br. at 1). In light of the foregoing, Plaintiffs ask the Court to take the following steps to "mitigate" Camin Cargo's "campaign of terror": (1) reinstate Mr. Dajao as an inspector at his former rate of compensation, (2) allow Plaintiffs to amend the Complaint in this action to incorporate retaliation claims, (3) equitably toll the statute of limitations for all currently employed inspectors prospectively from Camin Cargo's first attempts to chill participation in May 2008 so that they can recover their back wages "after the specter of retaliation has passed," and (4) order Camin Cargo to cease all retaliation and misleading communications with the class.

A preliminary injunction is a "drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed. Cir.1993). Nonetheless, a trial court's decision to issue a preliminary injunction is discretionary. New Eng. Braiding Co., v. A.W. Chesterton Co., 970 F.2d 878, 882 (Fed Cir. 1992). The Third Circuit has held that "a district court has the authority to grant injunctive relief in an arbitrable dispute, provided that the traditional prerequisites for such relief are satisfied." Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 812 (3d Cir.1989). The court identified those "traditional prerequisites" as follows: (1) whether the movant has demonstrated reasonable probability of eventual success in the litigation; (2) whether the movant has demonstrated that it will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) the public interest. Id. at 812-13. A plaintiff must establish more than a risk of irreparable injury. He must demonstrate "'a clear showing of immediate irreparable injury.'" Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 205 (3d Cir.1990) (quoting ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 225 (3d Cir. 1987)) (emphasis added). Finally, the Third Circuit has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits, stating: "[W]e cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent." Id. at 197 (quoting In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir.1982)); see also Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989); Morton v. Beyer, 822 F.2d 364, 367 (3d Cir.1987); Freixenet, S.A. v. Admiral Wine & Liquor Co., 731 F.2d 148, 151 (3d Cir. 1984).

Plaintiffs' motion must be denied because Plaintiffs have failed to meet their burden of demonstrating likelihood of success on the merits and the existence of immediate irreparable harm. As to likelihood of success on the merits, it is abundantly clear that Plaintiffs' application sounds in retaliation. Plaintiffs' Complaint, however, contains no claim of retaliation. The absence of such claim is fatal to Plaintiffs' application. Recognizing as much, Plaintiffs ask the Court to amend the Complaint by way of an order to show cause. Not only is this procedurally improper, but Plaintiffs fail to mention, much less discuss, Federal Rule of Civil Procedure 15 which governs the amendment of pleadings. Also, Plaintiffs make no attempt to convince the Court that such an amendment would be proper in the context of this FLSA collective action and at this stage of the litigation. To the contrary, Plaintiffs dedicate the bulk of their briefing to arguing the merits of a claim which is not properly before this Court.

Even if such claim were properly before this Court, Plaintiffs' application would, in any event, be denied inasmuch as Plaintiffs have failed to demonstrate the existence of immediate

irreparable harm. For instance, Plaintiffs argue that "retaliation can constitute irreparable harm" because "individual FLSA claims are quickly lost to the statute of limitations if someone does not affirmatively join an action." (Pl. Br. at 17). In addition, Plaintiffs maintain that "[i]f allowed to stand, Camin Cargo's firing of Mr. Dajao will frighten class members into not bringing their claims." (Id.).[1] However, Plaintiffs concede that the opt-in period for this case has ended.[2] (Pl. Br. at 2). Thus, there is no imminent risk that other Camin Cargo employees will be deterred from bringing their claims in this matter by virtue of Mr. Dajao's termination.

To the extent Plaintiffs argue that Mr. Dajao's termination threatens to chill class participation in a separate matter, Guevara v. Camin Cargo Control, Inc., et al., Civil Action No. 10-2461, the Court notes that the two cases, although substantively similar, are not consolidated; thus, the possibility that the termination of a plaintiff in one matter may affect class participation in another matter, brought on behalf of a separate category of employees, is far too speculative at this juncture to meet the standard for irreparable harm. See, e.g., Hoxworth, 903 F.2d at 205 (noting that a plaintiff must establish more than a risk of irreparable injury; he must demonstrate "'a clear showing of immediate irreparable injury.'").

In light of the foregoing, Plaintiffs' application for a preliminary injunction is denied in its entirety. To the extent Plaintiffs wish to amend their Complaint, Plaintiffs are directed to file a formal motion to amend before the Honorable Claire C. Cecchi, United States Magistrate Judge.

**SO ORDERED.**

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

---

[1] See, e.g., Holt v. Continental Group, Inc., 708 F.2d 87, 91 (2d Cir. 1983) ("A retaliatory discharge carries with it the distinct risk that other employees may be deterred from protecting their rights under the Act or from providing testimony for the plaintiff in her effort to protect her own rights. These risks may be found to constitute irreparable injury.").

[2] Because the opt-in period for this case has ended, Plaintiffs' request to equitably toll the statute of limitations for all currently employed inspectors prospectively is denied as moot.