**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN BRUMLEY, <br><br> Plaintiff, <br><br> v. <br><br> CAMIN CARGO CONTROL, INC., et al., <br><br> Defendants. | Civil Action Nos.: 08-1798 (JLL) <br> 10-2461 (JLL) <br> 09-6128 (JLL) <br><br> **OPINION** |
| SOLOMON GUEVERA, <br><br> Plaintiff, <br><br> v. <br><br> CAMIN CARGO CONTROL, INC., et al., <br><br> Defendants. | |
| IVO JAMES, <br><br> Plaintiff, <br><br> v. <br><br> CAMIN CARGO CONTROL, INC., et al., <br><br> Defendants. | |

This matter comes before this Court by way of Defendants Camin Cargo Control, Inc., Carlos Camin and Claudio Camin ("Defendants")'s Motion to File the Parties' Settlement Agreement under Seal pursuant to Local Rule 5.3(c). [Docket Entry No. 223]. The Motion is unopposed. The Court decides the motion on the papers pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, Defendants' Motion is denied.

# I. BACKGROUND

The three above-cited actions were brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as collective actions in which a total of 112 plaintiffs, current and former petroleum inspectors, alleged overtime violations against Defendants Camin Cargo Control and the above-named officers. (Defs. Mot., Decl. of Denise Errico Esmerado ("Esmarado Decl."), ¶ 3). Of those plaintiffs, five also alleged retaliation claims pursuant to 29 U.S.C. § 215(a). (Id.). After extensive litigation in the above-cited actions for over four years, the Parties negotiated a Settlement Agreement resolving all claims for the 112 Plaintiffs. (Id., ¶ 4). Defendants filed the instant motion on January 10, 2012 requesting that this Court seal the Parties' Settlement Agreement that will be disclosed to the Court when it is submitted for judicial approval. [Docket Entry No. 223].

# II. LEGAL STANDARD

Local Civil Rule 5.3(c) provides that:

Any motion to seal or otherwise restrict public access shall be available for review by the public. The motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serous injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

Loc. Civ. R. 5.3(c)(2). In evaluating a motion to seal, a court is required to make findings on the above-cited factors as well as any other findings required by law. Loc. Civ. R. 5.3(c)(5).

# III. DISCUSSION

A. Nature of Materials at Issue

Defendants argue that, since the Parties have chosen to seek approval of their Settlement

2

Agreement through a court-approved stipulation of settlement rather than a Department of Labor approved settlement under 29 U.S.C. § 216(c), their bargained-for confidentiality in the settlement would be defeated if they were required to publicly file their settlement for approval. (Defs. Br., at 2-3). The Court finds that Defendants have sufficiently described the nature of the materials at issue in both their motion filings and submission of the proposed Settlement Agreement and Release of Claims reached by the Parties. See Esmerado Decl., Ex. A. That Agreement details the consideration; settlement amount installments, allocation and taxes; attorneys' fees and costs; stipulations for Court approval; and release of claims, confidentiality, and other terms.

**B. Legitimate Private or Public Interests Warranting Relief**

Defendants argue that New Jersey has a strong public policy in favor of settlement which justifies protecting the contents of confidential settlement agreements. (Defs. Br., at 3). The Court finds that protecting the confidentiality of settlement agreements alone may be a valid public interest. See, e.g. Borough of Haledon v. Borough of North Haledon, 358 N.J. Super. 289, 305 (App. Div. 2003)("There is a strong public policy favoring settlement of litigation."); Leap Sys. v. Moneytrax, Inc., 638 F.3d 216, 222 (3d Cir. 2011)("Circumstances weighing against confidentiality exist when confidentiality is being sought over information important to public health and safety."); Hasbrouk v. BankAmerica Hous. Servs., 187 F.R.D. 453, 458 (N.D.N.Y. 1999)("protecting the confidentiality of the settlement agreement promotes the important public policy of encouraging settlement"); Arkema, Inc. v. Asarco, Inc., 2006 U.S. Dist. LEXIS 44106, at * 9 (W.D. Wash. June 27, 2006)("There is a strong public interest in preserving the confidentiality of settlement or arbitration proceedings.").

## C. Clearly Defined and Serious Injury Resulting if Relief is Denied

Defendants state that the revelation to the public of information which has been agreed to be kept confidential as part of the settlement "will damage the Defendants' business reputation and competitive position. Even though[] the settlement is the result of a compromise and should not be construed as an admission of liability by Defendants, the monetary payment to the Plaintiffs sends the message that Defendants admit wrongdoing in their business practices." (Defs. Br., at 5). Further, Defendants argue that disclosure of the settlement terms does not serve any legitimate public interest because: (1) the settlement terms are only relevant to the involved parties; and (2) the terms of the settlement and Settlement Agreement do not contain information that is important to the public or concern health and safety issues. (Id., at 7-8). Defendants cite to no case law in support of their contention that private reputational harm is sufficient to seal judicial records.

The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and employees. See, e.g., 29 U.S.C. § 202 (stating that the policy of the FLSA is to correct and, as rapidly as practicable, to eliminate working conditions "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers [which] (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of

goods in commerce."); Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981); Parker v. NutriSystem, Inc., 620 F.3d 274, 279 (3d Cir. 2010); Lynn's Food Stores v. United States Dept. of Labor, 679 F.2d 1350, 1352 (11th Cir. 1982). An employee has two avenues through which to resolve his or her claim for back wages pursuant to the FLSA: (1) the Secretary of Labor may supervise payment to employees of unpaid wages owed to them, and if an employee accepts such a payment as supervised by the Secretary, he waives his right to bring suit for both the unpaid wages and for liquidated damages provided that the employer pays in full the back wages (29 U.S.C. § 216(c)); or (2) a district court may enter a stipulated judgment in a private action by an employee against an employer, but only after the court has scrutinized the settlement for fairness (29 U.S.C. § 216(b)).

The parties have opted for the second avenue in this case, filing a joint motion to file the settlement agreement under seal. There has been a broad consensus established amongst the courts that FLSA settlements are unlike ordinary settlements with confidential terms. Two rationales have been presented in the case law for viewing FLSA settlement agreements as distinct: (1) the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement; and (2) the "public-private character" of employee rights under the FLSA, whereby the public has an "independent interest in assuring that employees wages are fair and thus do not endanger 'the national health and well-being.'" See Hens v. Clientlogic Operating Corp., 2010 U.S. Dist. LEXIS 116635, at * 6-7 (S.D.N.Y. Nov. 2, 2010); Jessup v. Luther, 277 F.3d 926, 928-930 (7th Cir. 2002); Boone v. City of Suffolk, VA., 79 F. Supp. 2d 603, 609 (E.D. Va. 1999)(unsealing of FLSA settlement agreement upon finding that it is judicial document to which presumption fo access applies);

5

Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003)(presumption applies to FLSA cases and court may not rubber stamp a stipulation to seal). There is accordingly a "strong presumption in favor of keeping settlement agreements in FLSA wage-settlement cases unsealed and available for public view," and this Court finds that the settlement agreement presented here is a judicial document to which the presumption attaches. See, e.g., Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. Apr. 19, 2010)(parties' joint stipulation for dismissal of FLSA action, which did not include terms of settlement, did not comport with public's right to access); Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 645 (S.D.N.Y. Feb. 9, 2011); Nafanzo v. Krishna Krupa, LLC, 2010 U.S. Dist. LEXIS 110139, at * 2 (S.D. Ala. Oct. 15, 2010)(finding as unreasonable a FLSA agreement containing a confidentiality provision); Scott v. Memory Company, LLC, 2010 U.S. Dist. LEXIS 119832, at * 4-7 (M.D. Ala. 2010)(joint motion to seal settlement agreement denied when based only on a bargained for confidentiality provision in the settlement); Tabor v. Fox, 2010 U.S. Dist. LEXIS 60839, at * 4 (E.D.N.C. June 17, 2010)(presumption of access applies to FLSA settlement); Poulin v. General Dynamics Shared Res., Inc., 2010 U.S. Dist. LEXIS 47511, at * 6-7 (W.D. Va. May 5, 2010)(stating that "a confidentiality provision in an FLSA settlement agreement undermines the purposes of the Act, for the same reasons that compelled the Court to deny the parties' motion to seal their Settlement Agreement"); McCaffrey v. Mortgage Sources, Inc., 2010 U.S. Dist. LEXIS 109508, at *2-3 (D. Kan. Oct. 13, 2010)("the Court finds that the public's interest 'in understanding disputes that are presented to a public forum for resolution' and knowing that 'the courts are fairly run and judges are honest' . . . outweighs any interest of the parties in keeping confidential the amount of settlement"); In re Sepracor Inc. Fair Labor Standards Act (FLSA)

6

Litigation, 2009 U.S. Dist. LEXIS 97791, at * 4 (D. Ariz. Oct. 8, 2009); Prater v. Commerce Equities Mgmt. Co., 2008 U.S. Dist. LEXIS 98795, at * 28 (S.D. Tex. Dec. 8, 2008).[1]  To rebut this presumption of public access, neither a confidentiality provision nor an alleged reputational injury are sufficient.  Prater, 2008 U.S. Dist. LEXIS at * 30 ("the fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public"); Newman v. GMC, 2008 U.S. Dist. LEXIS 105492, * 8 (D.N.J. Dec. 31, 2008)(an alleged reputational injury is insufficient to grant a motion to seal).  Therefore, on these bases, the Court denies Defendants' motion to seal the settlement agreement in this case.

**D. Unavailability of Less Restrictive Alternative**

Pursuant to Loc. Civ. R. 5.3(c)(2)(d), the movant in a motion to seal must show that no less restrictive alternative is available for dealing with the confidential matter.  Here, Defendant argues that sealing the settlement agreement "is the least restrictive means to preserve confidentiality." (Def. Br., at 9).  Since the Court is not satisfied that a sealing order is appropriate in this matter due to Defendants' failure to rebut the presumption of open access to settlement agreements approved by the courts under the FLSA, this factor does not weigh upon its decision.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to File the Parties' Settlement

---

[1] Defendants' citation to Leap Systems, Inc. to support their broader proposition regarding this Court's sealing of the FLSA settlement agreement is unavailing as that case did not concern the sealing or confidentiality of a settlement agreement under the FLSA, but rather concerned a settlement agreement confidential due to private business information included in the terms of the settlement between a plaintiff insurance licensor and defendants, a licensee and his new employer.  See 638 F.3d 216 (3d Cir. 2011).

Agreement under Seal is **DENIED**. An appropriate Order accompanies this Opinion.

DATED: January 30, 2012

                                                               Jose L. Linares
                                                               United States District Judge