EXHIBIT  2

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by and between Camin Cargo Control, Inc., Carlos Camin, Claudio Camin and Raul David ("Defendants") and the Plaintiffs, including Richard Taylor, all of whom are identified in **Exhibit A** to this Agreement (referred to collectively as the 'Plaintiffs"), and the Plaintiffs' attorneys, Getman & Sweeney, PLLC, (also referred to as "Plaintiffs' Counsel") with local counsel Monaghan, Monaghan, Lamb & Matchisio, LLP and Beattie Podavano, LLC in the cases captioned *Brumley v. Camin Cargo Control, Inc*., 08 CV 1798 (D.N.J.) (JLL)(MAH); *Guevara v. Camin CargoControl, Inc., et al.*, 2:10 CV 02461 (D.N.J.) (JLL)(MAH); and *James v. Camin Cargo Control, Inc., et al*., 2:09-cv-06128 (D. NJ) (JLL)(MAH) pending in the United States District Court for the District of New Jersey, including any amendments to any such Complaints (the "Lawsuits" or "Complaints").

This Agreement is made as a compromise between the Plaintiffs, Plaintiffs' attorneys and Defendants (referred to collectively as the "Parties") for the complete, and final, settlement of the claims, differences and causes of action which were raised, or could have been raised, by the Plaintiffs in the Lawsuits.

WHEREAS, under 29 U.S.C. Section 216(b) of the Fair Labor Standards Act ("FLSA"), Cedric Algood, Nathon Brumley, Alex Dajao, Solomon Guevara, John Hart and Ivo James, Everett Johnson (collectively, the "Named Plaintiffs") filed the Lawsuits against Defendants;

WHEREAS, Defendants filed and/or prepared Answers denying the material allegations in the Plaintiffs' Complaints, including any amendments to said Complaint(s);

WHEREAS, on October 6, 2008 (*Brumley*), September 24, 2010 (*Guevara*) and November 19, 2010 (*James*), the cases proceeded as collective actions under 29 U.S.C. Section

1

216(b), and the Court authorized a nationwide notice of the Lawsuits to individuals who worked as Inspectors for Camin Cargo Control;

WHEREAS, the Plaintiffs have filed "Consent to Sue" forms with the Court;

WHEREAS, on September 6 and 15, 2011 the Parties mediated the claims at issue in the Lawsuits, and following the mediation, the Parties agreed to settle the claims in the Lawsuits;

WHEREAS, Richard Taylor will file a consent to join the Lawsuits to settle his potential claims against Defendants pursuant to the terms of the Agreement, and has agreed to become a Plaintiff in the Lawsuits and to abide by the terms of the Agreement, and this individual also is referred to hereafter as "Plaintiff" and is included in **Exhibit A**.

WHEREAS, Defendants deny, and continue to deny, (i) the allegations in the Lawsuits, (ii) liability for violations for the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. Section 201 et seq., or any other law, and (iii) that damages are owed to the Plaintiffs. Nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continuing the Lawsuits, Defendants have agreed to settle the Lawsuits on the terms and conditions set forth in this Agreement;

WHEREAS, the Parties recognize the outcome in the Lawsuits is uncertain, and achieving a final result through litigation requires additional risk, discovery, time and expense; and

WHEREAS, in order to determine how best to serve the interest of all the Plaintiffs, the Named Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuits.  After balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Plaintiffs (through the Named

Plaintiffs) and their counsel believe the Agreement is in the best interest of all the Plaintiffs and represents a fair, reasonable, and adequate resolution of the Lawsuits.

NOW THEREFORE, the Parties intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

A.    **Consideration**.        In order to resolve the Plaintiffs' claims, Defendants agree to pay a total of three million, nine hundred thousand dollars ($3,900,000.00) ( also referred to as the "Settlement Amount").  The Settlement Amount is intended to compensate all qualifying Plaintiffs (including Richard Taylor) for all unpaid wages of any nature, liquidated damages, service fees, compensation for retaliation claims, Plaintiffs' attorneys' fees, costs and expenses, and employee tax contributions such as local, state and federal income taxes or withholding taxes, FICA and SUTA. The "qualifying Plaintiffs" are individuals listed on **Exhibit A**, which also includes Richard Taylor, who will opt into the Lawsuits and will have the opportunity to settle any and all potential claims related in any way to unpaid wages pursuant to the terms of this Agreement.

**B.    Settlement Amount Installments, Allocation and Taxes.**

1.    <u>Settlement Amount Installments</u>:      Defendants shall pay the Settlement Amount in two (2) installments.  The "First Installment" will be paid within thirty (30) calendar days after Plaintiffs submit to Defendants the amount to be paid to each Plaintiff in their settlement checks. Plaintiffs will provide this information to Defendants within the time frame described in Paragraph B 8, Settlement Payments. If a notice of appeal is filed that does not concern the payment of attorneys' fees and cost, the First Installment will be within thirty (30)  calendar days of the appeal being dismissed or the District Court's order being approved on appeal in a form

3

substantially identical to the original order, and the time to petition for review with respect to any appellate decision affirming the Court's order has expired.  The Second Installment will be paid by April 30, 2012.  However, if a notice of appeal is filed that does not concern the payment of attorneys' fees and cost, the Second Installment will be paid by April 30, 2012 or at the same time as the First Installment, whichever is later..

   2. <u>Settlement Amount Tax Treatment</u>:   All settlement payments issued to the Plaintiffs for their overtime claims and the retaliation claims of Cedric Algood, Alex Dajao Solomon Guevara, and John Hart shall be divided into two (2) equal payments: one as back wages and the other as liquidated damages. The back wages shall be subject to all required employee-paid payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and other authorized or required deductions (garnishments, tax liens, child support, etc.), which Defendant Camin Cargo Control will be responsible for paying.  The liquidated damage portion of the settlement payments shall be characterized as payment for liquidated damages under the FLSA to the Plaintiffs and will not be subject to payroll tax deductions.  Defendants will report each Plaintiff's back wage payment on an IRS Form W-2 and liquidated damage payment on an IRS Form 1099.  Service Payments, Plaintiffs' attorneys' fees and costs, and payment to Everett Johnson for his retaliation claim will be made by Defendants on IRS 1099 Forms and will not be subject to payroll tax deductions.

   3. <u>Overtime Damages</u>: The amount of overtime damages determined for each Plaintiff will be calculated through application of the following formula:  (i) Divide the weekly wages by 40 hours, then (ii) multiply the resulting figure by 1.5, then (iii) multiply that product by the number of overtime hours, and then (iv) deduct from that product the amounts Defendant Camin

Cargo Control paid to that Plaintiff as overtime pay for that week.  The weekly wages are calculated by adding weekly salary plus day-off pay and holiday pay.

4.     <u>Minimum Claims</u>: Each Plaintiff will be allocated at least $500 as a settlement amount.  Such payments will be treated as 50 % as unpaid wages and 50 % as liquidated damages.

5.     <u>Retaliation Claims</u>:     The terms of this Agreement are intended to resolve any and all retaliation claims alleged by Plaintiffs Alex Dajao, Everet Johnson, Cedric Algood, John Hart and Solomon Guevara pursuant to the Release of Claims described below.   Plaintiffs' counsel will determine the amount to be paid to these Plaintiffs.  Such amounts will not in any way increase the $3,900,000.00 Settlement Amount; any and all payments for retaliation claims will be made from the $3,900,000.00 Settlement Amount.

6.     <u>Service Payments</u>:     Plaintiffs may seek service payments on behalf of the Named Plaintiffs and the Plaintiffs who were deposed and/or appeared at settlement conferences. Defendants agree not to oppose Plaintiffs' application for service payments.  Notwithstanding, any service payments awarded by the Court or otherwise will not in any way increase the $3,900,000.00 Settlement Amount.  Defendants will not be responsible for any additional monies beyond the Settlement Amount should Plaintiffs seek and/or be awarded service payments. Defendant Camin Cargo Control will report any service payments on an IRS 1099 Form.

7.      <u>Settlement Amount Allocations</u>:     Plaintiffs' Counsel will devise a formula for the distribution of the $3,900,000.00 Settlement Amount among the Plaintiffs.  (Each of the named and opt-in Plaintiffs will receive a pro-rated share of the net settlement funds. Their pro-rated share will be calculated after subtracting service payments, attorneys' fees and costs,

minimum payments from the $3,900,000). Defendants agree not to oppose the formula or settlement payment to each Plaintiff.

        8.   <u>Settlement Payments</u>:      Within two (2) weeks after District Court approval of the settlement (Final Approval Order), Plaintiffs' Counsel shall submit to Defendants the amount to be paid to each Plaintiff in settlement checks.  Plaintiffs will provide Defendant Camin Cargo Control with the settlement allocations and the formula, which will include the amount to be paid to each Plaintiff concerning overtime payments, liquidated damages, service payments and compensation for retaliation claims.  No additional payments shall be made to Plaintiffs in settlement of the Lawsuits, with the exception of attorney's costs and fees pursuant to Paragraph C. Attorneys' Fees and Costs.  Plaintiffs will share with Defendants information reasonably necessary to confirm the amount of each individual payment.  If Defendants believe that a mistake has been made, Plaintiffs will address the issue.  After Plaintiffs provide Defendants with the settlement allocations and the formula, Defendants shall have fifteen (15) business days to identify any mistakes that it believes Plaintiffs made. If Defendants identifies any potential mistakes, this will not be a reason to delay the amount to be paid to each Plaintiff. The fifteen (15) day period described in this Paragraph will not extend the thirty (30) day time frame described in Paragraph B.1 Settlement Amount Installments.  However, the formula is not subject to Defendants' approval.  Irrespective of the formula utilized by Plaintiffs' Counsel for the distribution to the Plaintiffs out of the $3,900,000.00 Settlement Amount, such will not in any way increase the $3,900,000.00 Settlement Amount.   Defendants' payment in the settlement of this matter will not go beyond the $3,900,000.00 Settlement Amount; Defendants will not pay any additional monies with the exception of Camin Cargo Control's responsibility for payroll taxes as required by law.  Overtime damages, liquidated damages, damages for retaliation

claims, service payments, attorneys' fees and costs will all come out of the Settlement Amount. This also includes payment to Richard Taylor.  Payment to Mr. Taylor will not in any way increase the $3,900,000.00 Settlement Amount.

       9.    <u>Net Payments to Plaintiffs</u>:  Net payments to Plaintiffs (including Richard Taylor) after all applicable or required deductions, including state specific statutory deductions and other authorized deductions shall be deemed full payment, satisfaction discharge, compromise and release from all matters released by the Agreement   If any additional taxes or other deductions are owed, this will be Plaintiffs' sole responsibility.  Neither Defendants nor Ruderman & Glickman, P.C. make any representations or warranties regarding the tax consequences of the payments made to Plaintiffs other than Defendant Camin Cargo Control taking responsibility for payroll taxes owed and calculation for those payments reported through IRS Form W-2.

       **C.**    **Attorneys' Fees and Costs.**  Defendants agree not to oppose Plaintiffs' application for attorneys' fees in an amount up to one-third (1/3) of the Settlement Amount, plus costs.   Such payment includes any attorneys' fees and costs incurred by local counsel, Patrick Monaghan formerly of Monaghan, Monaghan, Lamb & Matchisio, LLP and now with Beattie Padovano, LLC.   Defendants shall pay to Plaintiffs' Counsel the amount that the Court approves for attorneys' fees and costs.  Defendants' payment of attorneys' fees and costs will be paid out of the $3,900,000.00 Settlement Amount.  Irrespective of whether Getman & Sweeney, PLLC appeals any award of costs and fees and any Court determination concerning same, this will not result in any additional costs to Defendants (will not in any way increase the $3,900,000.00 Settlement Amount).  Any appeal by Getman Sweeney concerning the Court's determination of attorneys' fees and costs will not impact the Agreement; the Agreement and its enforceability is not contingent upon the Court's approval of Getman Sweeney's fees and costs petition.  Nor will

an appeal of attorneys' fees delay settlement payments to the Plaintiffs.  The settlement payments not in dispute will be distributed to Plaintiffs pursuant to Section B.9 irrespective of an appeal of fees and costs.  Defendants will be noticed on any appeal taken by Getman Sweeney concerning attorneys' fees and costs.  Such application will be at least seven (7) calendar days in advance of the payment of the First Installment, unless the rules of Court provide a sooner filing date.  Defendants will maintain the contested amount designated as attorneys' fees and costs until such time that any dispute concerning these issues is resolved.  At which time, any funds remaining from the Settlement Amount after the designated attorneys' fees and costs are paid will be distributed to the Plaintiffs based on the formula in B.7.  If the amount remaining is small enough that a redistribution is not practicable in the discretion of Getman & Sweeney and there is no requirement under law for the unclaimed amounts, the unclaimed will be donated to the charity pursuant to Section N.

   **D.**  **Court Approval.**  Plaintiffs shall submit to the Court a motion seeking approval of the Parties' settlement under this Agreement.  Should any portion of Plaintiffs' motion refer to the terms of this Agreement, such will be filed under seal.  Plaintiffs agree to forward to Defendants their application for approval of the settlement and any other documents which refer to the terms of the Agreement for Defendants' review prior to filing with the Court. After Plaintiffs provide Defendants with their application for approval of the settlement and any other documents which refer to the terms of the Agreement, the Parties shall have five (5) business days to review and discuss any edits to Plaintiffs' motion and supporting documents. Plaintiffs have the discretion to accept Defendants' proposed edits. The Parties will cooperate, and take all steps necessary, to effectuate judicial approval of their settlement.  The Parties agree to use reasonable steps as may be necessary to minimize publicity of this settlement, including

seeking in chambers approval of the settlement by the Court and requesting the Court to approve

the settlement with an Order that does not disclose the details of the settlement. The Parties also

agree to abide by the Confidentiality provision described below.

E.    **Release of Claims.**     The Plaintiffs, on behalf of themselves and their heirs,

estates, executors, administrators, assigns, transferees and representatives release and forever

discharge the Defendants and their predecessors, successors, parents, subsidiaries, affiliates,

assigns, and all of their present and former directors, officers, employees, agents, shareholders,

and representatives (collectively "the Defendant Releasees"), from any and all claims, causes of

actions, demands, debts, obligations, damages or liability of any nature, whatsoever, known or

unknown, which concern or relate in any way to the payment of wages or bonuses or any other

form of compensation under the FLSA and any and all claims for retaliation under the FLSA or

state wage–and-hour statutes, whether those claims exist, or allegedly exist, at law or in equity

under the common law, contract law, statutory law, the Fair Labor Standards Act, 29 U.S.C.

§§201, et seq., and state wage laws, as well as any and all derivative claims under the Employee

Retirement Income Security Act, 29 U.S.C. §§201, et seq. ("Released Claims").  The Released

Claims are intended to include any and all claims that were raised, or could have been raised, in

the Lawsuits, and any and all claims for attorneys' fees, costs, and expenses and the like,

including but not limited to, any claims for attorneys' fees related to services rendered by the

Plaintiffs' Counsel of record in the Action and/or any other counsel who has provided services to

the Plaintiffs.

Plaintiffs agree not only to release and discharge Defendants of and from any and all

claims that they could make on their own behalf, but also those that may have been or may be

made by any other person, organization, or administrative agency on their behalf regarding any

acts or events occurring up to the date of the Agreement concerning those claims and/or potential claims described above. Plaintiffs waive any right to become, and promise not to become, a member of any class in a case in which any claim or claims are asserted against Defendants involving any act or event occurring up to the date of the Agreement concerning those claims and/or potential claims described above. If any claim is brought on behalf of Plaintiffs against Defendants involving any events occurring up to the date of the Agreement as described above, or if any Plaintiff is named as a member of any class in a case in which any claim or claims are asserted against Defendants involving any events occurring up to the date of the Agreement as described above, the Plaintiff shall withdraw with prejudice in writing from said claim or class.

Other than the Lawsuits which Plaintiffs agree to withdraw with prejudice, Plaintiffs hereby warrant that there are no outstanding administrative or judicial proceedings or actions against any of the Defendants concerning any of the claims or potential claims described in the Agreement to which Plaintiffs are a party and that to their knowledge there are no outstanding charges, complaints, claims or actions against any of the Defendants which involve claims or potential claims described in the Agreement related to any of the Plaintiffs. In the event that there is outstanding any such proceeding, action, charge, complaint or claim filed against any of the Defendants, by or on behalf of any of the Plaintiffs, such Plaintiff shall cause the immediate withdrawal and dismissal with prejudice and on the merits of each such proceeding, action, charge, complaint or claim. In the event that any agency, court or other forum does not dismiss with prejudice any such charge, complaint or action, such Plaintiff shall immediately notify Camin Cargo Control, Inc. in writing, directed to Carlos Camin, Camin Cargo Control, Inc., 230 Marion Avenue, Linden, New Jersey 07036, or his successor.

**F.     No Admission of Liability.**   The Parties understand and acknowledge this Agreement is the result of a compromise, and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants.  Defendants expressly deny any liability, responsibility, or wrongdoing as alleged in the Lawsuits.

**G.     Dismissal.**     Plaintiffs shall take all steps necessary to dismiss the Lawsuits with prejudice within thirty-three (33) days of the last of the following events:  (i) the issuance of the Court's Final Approval Order approving this settlement; (ii)  if an appeal of the Final Approval Order has been timely filed, the date the Final Approval Order is finally affirmed or dismissed or the District Court's order being approved on appeal in a form substantially identical to the original order, and the time to petition for review with respect to any appellate decision affirming the Court's order has expired.

**H.     Confidentiality.**     The Parties agree to use reasonable steps as may be necessary to minimize publicity of this settlement, including seeking in chambers approval of the settlement by the Court, requesting the Court to approve the settlement with an Order that does not disclose the details of the settlement and seeking the Court to approve the filing of the Settlement Agreement or any documents that reference the terms of the settlement under seal. Plaintiffs also agree to forward to Defendants any documents to be filed with the Court that reference the terms of the Agreement before same is filed with the Court.  After Plaintiffs forward to Defendants any their application for approval of the settlement and any other documents which refer to the terms of the Agreement that will be filed with the Court, the Parties shall have five (5) business days to review the documents and discuss any objections to the public filing of any documents with the Court. Defendants shall move to file under seal any documents that Defendants object to the public filing with the Court in accordance with the time

frames provided in Section K. Approval of Settlement. The settlement is contingent on the
Court's approval of the Agreement, but is not contingent on the Court hearing this matter in
chambers, approving filing any documents under seal, or its issuance of an Order that does not
disclose the details of the settlement.

      Plaintiffs shall not disclose either orally, visually or written, either directly or indirectly,
in any manner the terms of this Agreement to any person or organization, including but not
limited to members of the press and media, present and former officers, employees and agents of
Camin Cargo Control, future prospective employers, customers of Camin Cargo Control, entities
which have or do business with Camin Cargo Control and other members of the public.  This
provision does not preclude Plaintiffs from making disclosures that are required by law or
through valid legal process, nor does it preclude Plaintiffs from disclosing the terms of this
Agreement to their immediate family members, life partners, accountants, tax preparers, spiritual
advisors, or attorneys, so long as Plaintiffs shall advise them of this confidentiality clause and
insist that any such person shall not act in violation of this paragraph.  Should Plaintiffs be asked
by any third party (other than their immediate family members, life partners, accountants, tax
preparers, spiritual advisors, or attorneys that are bound by professional rules of confidentiality),
as to the outcome of the Complaints, Plaintiffs will respond only with "the matter has been
resolved and I cannot talk about it".   Should any immediate family members or life partners of
any of the Plaintiffs be asked as to the outcome of the Complaints, such family members or life
partners will respond only with "the matter has been resolved and I cannot talk about it".

      Getman Sweeney will delete from its website all status reports regarding *Brumley* and
*Guevara* (and will not add any reference to *James*) with the exception of the following:

Brumley:        A former field inspector with Camin Cargo Control brought this overtime pay case on behalf of a nationwide class of field inspectors who Defendant paid overtime under Camin Cargo Control's overtime method.  This case has resolved and opt-in plaintiffs should receive a notice through the mail within the next few months. If you have any questions please call Getman Sweeney at (845) 255-9370."

Guevara:        A former field inspector with Camin Cargo Control brought this overtime pay case on behalf of a nationwide class of field inspectors who Defendant paid overtime under Camin Cargo Control's overtime method.  This case has resolved and opt-in plaintiffs should receive a notice through the mail within the next few months. If you have any questions please call Getman Sweeney at (845) 255-9370."

Other than documents publicly filed, Getman Sweeney will not share the documents Defendants produced in this litigation.  Getman Sweeney as well as local counsel Monaghan, Monaghan, Lamb & Matchisio, LLP and Beattie Podavano, LLC agree not to disclose to any third party the terms of settlement of this matter, including but not limited to the Agreement, irrespective of whether such documents are publicly filed with the Court.  Other than documents publicly filed, Defendants will advise Plaintiffs' Counsel within ten (10) days of the dismissal of the Lawsuits with prejudice as provided by Paragraph G. Dismissal of any particular documents (identified by Bate Stamp number), which may have a detrimental effect on Camin Cargo Control, Inc.'s business if obtained by any of its competitors or business associates.  The content of such documents will not be disclosed by any of the Plaintiffs to any third parties.

Nothing in this Agreement is intended to, nor shall it be construed to, impede the rights or duties of the Plaintiffs, Getman Sweeney and local counsel Monaghan, Monaghan, Lamb &

Matchisio, LLP and Beattie Podavano, LLC to honestly file taxes, to honestly report income, to truthfully testify under oath, or to cooperate with any governmental investigation.

**I.**     **Violation of Settlement Agreement.**          Plaintiffs agree that should a court of competent jurisdiction find that a Plaintiff violates section H, Confidentiality, of the Agreement, the offending Plaintiff shall return fifty percent (50 %) of his/her portion of the Settlement Amount received to Defendant Camin Cargo Control.  However, the remaining terms of the Agreement remain in full force and effect.

**J.**     **Opt-Out.**     Plaintiffs shall have the opportunity to opt-out of the settlement. If a Plaintiff chooses to opt-out, the Plaintiff's portion of the Settlement Amount shall revert back to Defendants. A Plaintiff may opt-out of the Agreement by mailing a letter to Plaintiffs' counsel by stating that he wishes to opt-out.

**K.**     **Approval of the Settlement.** Within fourteen (14) days of the execution of a the Agreement, Plaintiffs' Counsel shall submit the Agreement to the Court and move for a Final Approval Order of the Agreement as adequate, fair, and reasonable and in the best interests of all Plaintiffs.   Such submission will be in accordance with Paragraphs D. Court Approval and H. Confidentiality.  Defendants will also file any motion to seal within the fourteen (14) day time frame described in this Paragraph.

**L.**     **Timing of Payment.**  Defendants shall send to Plaintiffs' Counsel the settlement checks, which will include overtime payments, liquidated damages, payments  for retaliation claims, service payments, and attorneys' fees and costs, in two (2)  installments, the First Installment and the Second Installment as defined above.

**M.**     **Mailing of Checks.**   Defendants shall prepare Plaintiffs' settlement checks based on the allocations that Plaintiffs' Counsel provides.  Defendants will deliver the settlement

checks to Plaintiffs' Counsel, who will mail the settlement checks to Plaintiffs along with a copy

of the settlement agreement.   Waiver language will be provided on the front of each Plaintiff's

check. The language shall state "by negotiating this check, I acknowledge that I have received a

copy of the Settlement Agreement, have read it and understand it, and agree to its terms,

including the release contained in Section E."

      **N.**    **Uncashed Checks.**    Plaintiffs shall have three (3) years from the Final Approval

Order to cash their settlement checks. If the checks are not cashed within three (3) years of the

mailing, any unclaimed funds will be sent to the Economic Policy Institute (EPI). Defendants

shall provide Getman & Sweeney with an accounting of the uncashed checks, including the

names of the Plaintiffs, one year after the Second Installment is paid. Defendants shall provide

Getman Sweeney with an accounting of the unclaimed funds within three years and one month

from the Final Approval Order. The accounting shall include the amount of each uncashed check

and the names of the Plaintiffs that did not cash their checks. Defendants shall provide Getman

Sweeney with a copy of the check that is sent to EPI within seven (7) days after Defendants mail

the unclaimed funds to EPI.

      **O.**    **No Severability of Provisions.**    The provisions of this Agreement shall not

be deemed severable.  If the Court modifies any portion of this Agreement without the consent of

all Parties, any Party may void this Agreement in its entirety. A Party may not void the

settlement if the Court does not approve of the filing of any documents under seal.

      **P.**    **Knowing and Voluntary Waiver.**    The Parties acknowledge and agree that,

before entering into the Agreement, they have had sufficient time to consider this Agreement and

consult with legal counsel of their choosing concerning its meaning.  When entering into the

Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than the representations and warranties expressly set forth in this Agreement.

      **Q.**    **Continuing Jurisdiction.**    The U.S. District Court for the District of New Jersey retains jurisdiction to enforce this agreement. Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to the Agreement.

      **R.**    **Cooperation Clause.** The Parties acknowledge it is their intent to consummate the Agreement and they agree to cooperate and exercise their best efforts to the extent necessary to effectuate and implement all of the terms and conditions of the Agreement.

      **S.**    **Entire Agreement.**    This Agreement contains the entire agreement between the Parties relating to the Agreement, the Lawsuits, and transactions described herein, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or a Party's legal counsel, are merged in this Agreement.  No rights may be waived except in writing.

      **T.**    **Captions.**    The captions or headings of the sections and paragraphs of the Agreement have been inserted for convenience only, and shall have no effect on construction or interpretation of any part of the Agreement.

      **U.**    **When Agreement Becomes Effective.**    The Agreement shall become effective upon its approval by the Court (Final Approval Order).

      **V.**    **Signatures; Counterparts.**    The Parties may sign the Agreement in counterparts, and signature in counterparts shall have the same force and effect as if the Parties had signed the same instrument.  Signature by facsimile shall be deemed effective as if signed in

original. Each person signing the Agreement warrants and represents that such person has the authority to do so.

IN WITNESS WHEREOF, the undersigned have executed the Agreement.[Signatures appear on page seventeen (17) through thirty (30)]

**I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.**

Named Plaintiff

Cedric Algood

Dated this 22 day of DECEMBER , 2011.

17

I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.

Named Plaintiff

Nathon Brumley

Dated this 22 day of December, 2011.

18

I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.

Named Plaintiff

Alex Dajao

Dated this 21 day of DECEMBER , 2011.

19

I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.

Named Plaintiff

Solomon Guevara

Dated this 21ˢᵗ day of December, 2011.

20

I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS,
AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.

Named Plaintiff

John Hart

Dated this 22 day of DECEMBER, 2011.

21

**I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.**

Named Plaintiff

_____
Ivo James

Dated this 21 day of December , 2011.

22

**I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.**

Named Plaintiff

Everett Johnson

Dated this 21 day of December, 2011.

23

I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.

Carlos Camin

Dated: 12/21/11

**I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.**

Camin Cargo Control, Inc.

Camin Cargo Control Representative
Who is authorized to execute on
Behalf of Camin Cargo Control Inc.

Dated: ___12/21/11___

24

**I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.**

Raul David

Dated: _12/31/11_

**I HAVE READ THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS, AND UNDERSTANDING ALL OF ITS TERMS, I FREELY SIGN IT.**

Claudio Camin

Dated: 12/21/11

GETMAN & SWEENEY, PLLC

Michael J. Sweeney
Attorneys for Plaintiffs

Dated: 12/22/11

28

RUDERMAN & GLICKMAN, P.C.

Attorneys for Defendants

Dated:_ 12/22/11

Patrick J. Monaghan, Esq.

On behalf of Monaghan, Monaghan, Lamb
& Matchisio, LLP and Beattie Padovano,
LLC
Local Counsel for Plaintiffs

Dated: